Family Connect Property v. Elizabeth Huebner, I'm Gary Rahn. I represent the appellant, Elizabeth Huebner. I'd like to reserve two minutes for rebuttal. I want to address the court's questions sent to us on Monday. If you would, I would appreciate that. The first one is easy. Have the amount of damages been determined? They have not. How much is at issue? I mean, I was going back through. Presumably it's fairly substantial here. Yes. We would contend that the damages suffered by Elizabeth Huebner exceed both policies. I mean, that's what our opinion is. The defense obviously would have a different opinion. So then, if you're... So more than $500,000 or more? Yes, yes. And could you just give us a thumbnail of where that comes from? Because it looked like she was paid 60% of her salary, but I assume damages would include the other 40% that she never received. Exactly. And then that was cut off for a while. Yes. And her compensation terminated about a year after the accident, which is quite a few years, about five years ago. And what was her salary? I was trying to reconstruct it, like about $100,000? Roughly that. I don't have the exact number. So she's got a substantial income loss claim. In addition, she's got medical expenses that have continued on. There was medical expenses that were not covered by LNI. And she has yet to get a nickel for general damages. And the fact that she has lost so much, including her career and so forth. And I guess we'll ask your counsel when he stands up. But if the damages are so extensive, they must disagree with that. Because it seems like they wouldn't have brought this case if they thought that... I mean, if they thought that they were just going... Their maximum exposure is $250,000, right? Right. So they must presume that they're going to pay out less than that, or else it's not worth their time, presumably. Presumably, we're all making rational decisions here. Right. I'm sure that that's their hope. Okay. So if that's true, what does that do for the rightness inquiry? I mean, you haven't pled an actual amount, but it does seem like there's at least some plausibility that this is over $500,000. And if it is, then should we continue forward on this case? That brings up an important thing I need to bring the court up to date on the landscape of this litigation. When we started this, counsel and I decided that, or thought it would be a good idea to resolve this issue up front, and maybe even avoid a trial. So the declaratory judgment action was filed. And it was just that. That was the only thing pending before the courts. Well, of course, as time went on, it became necessary to retain counsel that would actually bring the underlying action. And so recently, and certainly after the briefing was done, two actions were filed in state court. One was a action for uninsured to this court, or to the district court, federal district court. They were originally signed to different judges. The district court consolidated those two new cases with the existing case. And so Judge Lasnik now has all of those cases. Monday of this week would... Discovery in the initial federal action, pending the resolution of the legal action. Right. There was no discovery. We were waiting for a decision in this case. Okay. So on the right in this question, I wanted to ask you, and I don't know how much opportunity you had to look at this, but we have the Dizzle case from 1998 that says, we've consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case in controversy requirement. Why, I mean, I know the court asked you to come up with rightness. Are you challenging rightness? What's your position on this? Do you think that this case is ripe or not ripe? After reading the decision cited by the court, I don't have an argument that it's ripe. You think it's not right? I think that the law as cited by the question is, what are the rights via the insurance contract? That seems to be a right under Article III. The way I looked at the question is that the decision said that one way or the other, either way, the trial judge needs to articulate the reasons why they thought that it was appropriate to exercise jurisdiction in the case. In this case, there was no such ruling. In fact, the issue never came up. At some point, though, then aren't we asking the district court to predetermine the case before we even get there? Again, I want to hear from opposing counsel, but if they say, hey, look, there's only $100,000 at issue here. We think that's the maximum we'll have to pay out. You say it's $10 million. Who is the district court to believe? Doesn't that present a dispute that is then sufficient for Article III standing? I think that the reason that we felt the declaratory judgment action would be helpful is because depending on which way it went, if basically the court had with this outstanding issue is a question of $187,500 in potential liability limits or uninsured motors, UAM limits, essentially. You said $187,000? Yeah. Basically, the argument is whether or not they can consider or basically deduct from their potential exposure, UAM limit exposure. If you're agreeing that $187,000 can be deducted, the question is whether $250,000 can be deducted. No. We disagree because the Supreme Court of the State of Washington has said that there can be no deduction from UAM liability for amounts paid by the Department of Labor and Industries. So the dispute is whether or not they are- I understand, but that seems to be a step further here. They're not deducting the amounts paid by the Department of Labor. They're deducting the $250,000 that was paid by the insurance company. Well, there's the crux of the whole issue because the court has decided that they cannot reduce their UAM liability by any amounts But that's not what's happening here. And if there wasn't a $250,000 settlement, I would agree with you. I mean, that's the- maybe I'm getting around the Dredgeall case. The decision by the Supreme Court doesn't distinguish about whether the case is settled or not, whether who got the settlement. Well, counsel, I think your argument only works if the settlement from the tortfeasor's insurance is a workers' comp event. What in the law tells us that that was a workers' comp event? Because the workers' comp department, the Department of Labor and Industries made their claim. They had an absolute right to three quarters of the settlement. They exercised those rights. I understand that, that there was workers' comp being paid here, but it wasn't being paid through this $250,000 transaction. And so we need something in the law to tell us that that $250,000 transaction becomes a workers' comp transaction. And I don't see any basis in the law for that. I disagree that it wasn't paid from that transaction. There was a settlement. The settlement was put into the trust account. The Department of Labor and Industries sent us the forms. The law said, here's what Ms. Huebner's entitled to. Here's what you've got to pay us. They had a lien. They had an absolute right to that money. And we had no right to it at all. Well, that's not true. You had a right to it so far as the law gave you the right to it, right? Well, the Labor and Industries law basically said that... And she got $41,000. She basically got $67,000 was allocated to her, which is reported. Which she otherwise would have had to pay. If we ruled in your favor, what would the offset be here? I mean, presumably you would still have an offset, right? Well, it's not so much a matter of the amount of the offset. It's when the UIM coverage applies. They're saying it applied to the whole settlement. And our approach, and I think the clear decision of the Washington courts, is that it applies not taking into consideration the amount that's owed to L&I. But you're just saying the $121,000 would come out of the two? Because that was what was given to... Well, also the amount of attorney's fees that L&I paid, too. Because it has a proportionate share. Right. It basically has a right to 75%. That's by statute. Their right to any recovery is 75% up until the point where they're fully compensated. And they were never fully compensated. Their amount succeeded that amount. So would you prefer at this point to simply go back to federal district court now that all three claims are pending before Judge Lasnik and proceed with discovery on damages so you can quantify exactly what's at stake here? Because it seems to me that if you're right, and I think you probably are, and your client has suffered more than $500,000 in damages, then the insurance coverage issue is somewhat moved in the sense that the proceeds are going to be used up, and you're still going to have uncompensated damages that you may never be able to recover from any other source. I think that's correct. That the issue could certainly go away by a jury verdict. How do we fashion a rule to that effect? Because what would the rule be? I mean, in this case, again, we'll see what the argument is on the other side, but in this case that might apply. But is a district court supposed to always open up discovery before they determine whether they should proceed on a case like this? No, I think that the reason that we're here from the district court action is because the district court basically gave the insurance company credit for the $75,000 that belonged to L&I. That the Supreme Court in the Ritten case and also the Welch case said no. In the state of Washington, you can't consider or you can't deduct amounts paid for workman's compensation from the settlement. I mean, that's there. We're talking about rightness here. So the question is how do we fashion a rule on rightness going forward? I mean, what would you have us do? Would you say that when these declaratory judgment actions are brought, if there's any possibility that the whole policy would be exhausted, you have to have some sort of discovery before you can say that you have to figure out the damages? I mean, it seems odd to – I mean, if the district court doesn't have jurisdiction because, you know, the full policy is going to be paid out, then how do you start down the whole discovery road in the first place? I think the rule that the court cited to us in the order on Monday is maybe a step in the right direction, saying it's up to the district court to decide initially whether they want to exercise jurisdiction to basically take on this declaratory judgment action. The court in our case didn't consider that one way or another. I mean, they didn't even mention it. So I think on a case-by-case basis, the reasons that a judge might articulate for having – bringing this action before the court would be the first step. I think that basically every case is going to be different, and in some cases, the facts may indicate that in the exercise of the jurisdiction or the discretion of the court, a decision ought to be made. On the other hand, it could be in a situation – if Judge Lasnik had all three cases before him when this came up, and it's hard to say what he would have done, but on the other hand, since he didn't articulate any reasons for exercising discretion, that may have made a difference. So I think the rule is already there. The rule is a court needs to consider why it wants to go ahead with the declaratory judgment action before the case in chief, and then the district court is making that initial determination, and then this court could decide, well, is that a good reason or not? Well, I appreciated your candor in explaining how we got where we are, the fact that the two of you had conferred and initially decided it made more sense to go forward with the DEC action, not anticipating that we might have a problem determining whether or not this case is right. I think I'm now of the view that it probably should go back to the district court now that it has all three of the actions consolidated and give you guys some discovery so you can figure out what the damages are going to be, and then at that point, you'll know whether or not both policies will be completely exhausted. And given that everything is before Judge Lasnik now, you know, his considerations would be different. I mean, I don't – I try to speculate what I think what's the judge going to do, and the judge could look at this and say, well, I'd still like it to go to the court of appeals and get a decision on it because I might avoid a trial. On the other hand, he might think that, well, I think it's appropriate to go through the trial. We might avoid an appeal. Well, I suppose we could think about sending it back down for an indicative ruling and maybe give him some guidance because I do agree with you. I think he just gave credit for the full $250,000 without thinking about Washington law on L&I's statutory priority lien. I mean, in my mind, there's a question as to whether she even ever had title to that money because the statutory lien, as you point out, comes into being when L&I approves the settlement and then the money is deposited in the trust account in the lawyer's office. And I think that's the result that happened in the principal life case that the court cited to us, and that is that the judge needs to have an opportunity to articulate reasons for doing what it did. And in this particular case, jurisdiction was never even mentioned in the judge's decision, either in the summary judgment decision or in the final decision. And quite frankly, counsel didn't argue. We just assumed that there was jurisdiction. I would like to tell you that you're the first set of counsel to come to the Court of Appeals suggesting that it never occurred to anybody to question jurisdiction, but it's the first question that we ask on appeal. What is this case doing here, and do we have the power to hear it? Yeah. The issues raised by this court were never discussed by us or the court. Okay. We'll give you some time for rebuttal. I know we've taken you over. Thank you, counsel. That was very helpful. Morning. May it please the Court. Counsel Rory Lead on behalf of American Family. I'll get to what the conversation has been about. Counsel, I'm just going to jump right in, and I apologize for cutting you off. I want to make sure I understand what your position is so that I can understand this ripeness idea. So your client provides what I'll just colloquially call gap insurance. And the question is, what is the gap that it's filling? So is your position that the gap is whatever can't be recovered from the tortfeasor up to $250,000, assuming that the damages go up that high? Yes. Is that your position? Yes. So really your position in this case is that because she got $250,000 from the tortfeasor's insurance company, you owe nothing. So let's assume for a moment that the damages are $300,000, like the gross number. To fully compensate Ms. Huebner would be $300,000. American Family's position would be, and Washington law would support this, that she already received $250,000. Therefore, she'd only be entitled to $50,000 under her U.M. policy out of the available $250,000. Okay, so that is different than what I just described. So you are saying that your duty to pay doesn't kick in until we know what is recovered from the tortfeasor, but from that point forward, you're going to pay up to $250,000. Correct, because if in fact Ms. Huebner's damages were $200,000. All right, so if that is, I'm not sure I understood that. I thought your position maybe was that you just didn't owe anything at all, no matter what she, what her damages were because she'd already received $250,000 from the tortfeasor. So if your argument is not that, then why isn't the ripeness concern correct, and why don't we need to know what her damages are to know what the dispute is about? Well, I think that it is right because it came as a declaratory issue. And the question being, is there a $250,000 setoff because of her recovery, or is counsel's argument right that because workers' comp is somehow changing, Washington is hurting us? Well, what is your assessment of damages? Yeah, if damages are more than $500,000, isn't this whole thing moot? Because you're going to have to pay out the full amount of your policy limits. If they were, there is not. They are, or you just don't know. Not part of the record, but the damages have been evaluated by both sides, and there was a significant difference in opinion. So you don't agree that the 40%, she was paid out 60% of her salary. I mean, some of this seems pretty easy to figure out. Like, you don't agree, though, that you would owe the extra 40% of salary. What is not part of the record is there's somewhere in the neighborhood of seven to ten medical examinations that were done by seven to ten different providers back in 2015, 2016, and substantially limiting, at least in those providers' minds, what was being claimed and what was going to be entitled to. Now this is starting to sound like a Social Security appeal. So it does sound a little bit like what your honors are hearing. I guess this is what's playing into my concern about saying it's right, or going through discovery is, I mean, if you come in and just say, like, look, we have a good faith basis to think that damages are less than 250, which is that your representation to the court today? It is, Your Honor. Then it seems to me maybe we should say that it is right, and we should just decide the issue. So American Families' position is that the court should, and counsel and I, absolute correct representation, there was early settlement discussions about what we could do, and there was a substantial disagreement between counsel and I about the $250,000 set-off. So we agreed to have a deck action to come forward to help resolve it for the parties. I prevailed down below in counsel appeal because he still maintains that position. So it will certainly help to get clarity from this court rather than putting it back down because then this court will rule, and that will then control moving forward further settlement discussions. But the only thing that we can answer at this point, I think, is the question of whether you get the full $250,000 credit or whether we reduce that by whatever was attributable to L&I and L&I's portion of attorney's fees. I completely agree with you, Your Honor. It's a very narrow issue. That's how we drafted it. Counsel and I both agree we wouldn't do any discovery either. It was just going to be a unique legal issue that was a yes or a no to help us. It sounds like if we rule in your favor, then the case is going to get more complicated. Well, either way we rule, the case is going to get complicated because you're going to still fight about how much is here. So I'm not sure that we're actually helping the parties out. As laudable as it is that you're trying to make it simple, I'm not sure I see how this is actually going to help resolve the case. Your Honor, the way that I would look at it is Judge Lasnik has already ruled in our favor, meaning that we're entitled to the full $250,000. And if the court rules in our favor, then that is certainly going to be the law of the case. Takes off all the discovery about what she actually got. There's no discovery on offset. There's only discovery on uncovered damages. And if the court doesn't rule, it leaves us in the unfortunate position that we go to all of that resolution with Judge Lasnik's court, and then there still is the potential to come back here on the same very issue that we were here today two years later, which I don't think is going to help the speedy judicial resolution of the case before Judge Lasnik. And we also think that the law is pretty darn clear in our favor on this case, that there isn't a carve-out just because the individual was working at the time, because then that would be an unequal benefit. I can't believe this issue hasn't come up. I mean, so many of these settlements have to come up in the context of workers' comp, and yet there doesn't seem to be a squarely held case. I mean, it's an interesting argument that's being made, but if we were to rule against you, wouldn't we be saying any time workers' comp is implicated, you're not entitled to the full offset? Hamilton, the rule in Hamilton and the statute just doesn't apply. And I think it would be even bigger than that, Your Honor. I think that first off, that would be the wrong application because now you would be creating an inequality. Thank you. An inequality under the U.M. statute because you'd have two different types of people with benefits. If you get hurt on the job, you get more benefits than if you weren't. And also, there would be a number of other categories it would qualify, like if there's a— I mean, workers' comp is a creature all unto itself. It's a creature of statute. It is the product of the grand compromise so that the worker doesn't have to sue the employer in order to establish negligence to be paid for medical expenses and lost wages. And so I'm not sure I'm buying your equality argument here because I think workers' compensation claimants are different from a motorist who simply is injured in an automobile accident, not on the job. Except for, Your Honor, what the case law talks about is that the UIM coverage is just a floating layer, meaning that the person is injured shouldn't receive better benefits because they have UIM insurance. I'm having a hard time accepting your argument given the Washington case law that says you don't get credit for the workers' comp portion. So the issue is if you think of it as a floating layer, that if there was no UIM, and let's say that the tortfeasor had a million in limits, that's how we would think about it, so that there is no inequality because you're working or not. Should we certify this question to the Washington Supreme Court? This is a creature that's unique to state law, and they are the ultimate expositors of state law. If Your Honor was thinking of ruling against me, I would say yes to certify it. I'm trying not to show my cards here. But no, we do think the law is settled. Well, and another thing to think about, Your Honor, would be this, that there are other liens that also would take effect, like a super lien, a Medicare or Medicaid lien. That would also be equivalent to what counsel is arguing, and there isn't any law that would support that. So there's other ways to look at this where people are taking money out of those funds just like workers' comp. Part of my concern about finding this unripe and sending it back is it sounds like this would get very, very complicated to try and figure out whether it is ripe, and that seems counterintuitive. I mean, that seems to support the idea that there is a dispute here, and I don't know that we've ever required the parties to go in and fully litigate a case before we figure out whether a declaratory judgment action would be ripe, at least in the narrow context here, which is why I cited the Dizzle case that would suggest that where insurer's liabilities were in question, a declaratory judgment action is normally ripe. And we believe that that case is controlling and does control the ripeness in this matter, Your Honor. And I will sit down unless there's any other questions. No, I think you've given us enough to think about. Thank you. Thank you very much. We'll give you a minute for rebuttal. I think the Court's position or understanding that this is a unique statute, it is statutory. One of the things that actually it's the closing paragraph of the Britain decision, and it basically says some states have enacted statutes specifically authorizing set-offs of this nature, meaning other compensation, which are aimed at preventing the possibility of duplicate recoveries by the insured, but our state has not. That's pretty clear. It is, and those are the only two cases. And in answer to the question, why hasn't this come up before, is because people took that out of their policies. That provision isn't in American Families Policy. They don't have anything. And the courts have also said, if you want a set-off, you've got to put it in your policy. Well, they know they can't do that. So now, after everything is done, they're trying to come in and do what has been prohibited. And so I thank the Court for the attention, and I appreciate it. Well, it turned out to be a far more complicated case than it looked like when we first picked up your brief. Probably, yes. But we very much appreciate the candor and the professionalism that both parties have used to help us navigate this. So thank you. Thank you. All right. The case is now submitted. We'll move on to our final case.
judges: TALLMAN, NELSON, FORREST